## Marlow *v.* Kuhlenbeck.

Officer's return *as to time of service.* A return to a summons in the following form sufficiently shows the date of service: "February 19, 1874. I have duly executed the within by reading the same to the within named J. U. M., as I am therein commanded."

Statute — *construction of.* Where an act approved February 13, 1874, took effect upon its passage, and provided for six terms of court "during each year, commencing on the first Monday of the months of January, March, June, July, September and December," authority was given for holding a term in the month of March in that year.

Bill of exceptions — *when necessary.* Whether damages awarded in the judgment are excessive will not be considered in this court, if the evidence at the trial is not set out in the record.

*Error to Probate Court, Arapahoe County.*

The declaration was upon a promissory note, and the judgment was by default.   Upon the return to the summons, which is given in the syllabus, it was contended that service of process was not had ten days before the term.   The court convened on the first Monday of March, which was the second day of that month, and judgment was entered on the third day of that month.   It was also contended that the act of 1874 (10 Sess. 218) gave no authority for holding a term at that time.   Plaintiff in error also contended that the damages were excessive.   There was no bill of exceptions in the record.

Mr. T. G. Putnam, for plaintiff in error.

Mr. J. W. Blackburn, for defendant in error.

Per Curiam.   If the date in the officer's return to the summons shall be regarded as that on which the return was made, the service must have been made before that day, and, therefore, ten days before the term.   So, if that is the date of service, it was ten days prior to the term; and, in either case, plaintiff in error had timely notice.   The act of 1874 (10th Sess. 218) took effect upon its passage, and as it provided for a term in March, the court had authority to sit at that time.   The evidence given upon the assessment of damages is not preserved in the record, and we will assume that the judgment of the court is correct.   *Cook* v. *Hughes*, 1 Col. 51.   There is no merit in any of the assignments of error, and the judgment of the probate court will be affirmed, with costs.

*Affirmed.*